## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH F. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-211-HE |
| ) | |
| SOUTHWEST ELECTRIC ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:          Thursday, June 4, 2015, at 10:00 a.m.

Appearing for Plaintiff:     Jana B. Leonard, OBA # 17844
                             Lauren W. Johnston, OBA # 22341
                             LEONARD & ASSOCIATES, P.L.L.C.
                             8265 S. Walker
                             Oklahoma City, OK 73139
                             Tele: 405-239-3800 Fax: 405-239-3801
                             leonardjb@leonardlaw.net
                             johnstonlw@leonardlaw.net

Appearing for Defendant:     Joshua W. Solberg, OBA No. 22308
                             McAfee & Taft, A Professional Corporation
                             10th Floor, Two Leadership Square
                             211 N. Robinson
                             Oklahoma City, Oklahoma 73102
                             Phone:     (405) 235-9621
                             Fax:       (405) 235-0439
                             E-mail:    josh.solberg@mcafeetaft.com

JURY TRIAL DEMANDED     X          NON-JURY TRIAL _____

1.  **BRIEF PRELIMINARY STATEMENT.**

    A.  Plaintiff:

    This is a cause of action arising out of Plaintiff's former employment with Defendant based on claims of (a) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), (b) disability discrimination in violation of the Americans With Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA"), (c) retaliation for use of leave protected by the Family Medical Leave Act ("FMLA"), and (d) workers'' compensation retaliation.

    B.  Defendant:

    Southwest Electric Company ("Southwest Electric") adamantly denies all allegations by Plaintiff. Southwest Electric denies that Plaintiff was subjected to any unlawful discrimination or retaliation. All employment actions taken against Plaintiff by Southwest Electric were based upon legitimate, lawful reasons.

2.  **JURISDICTION.**

    This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim as they arise out of the same core of operative facts pursuant to 28 U.S.C. § 1367(a).

3.  **STIPULATED FACTS.**

    A.  All parties have been correctly designated.

    B.  Venue is proper in this Court.

4.  **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.**

    A.  Plaintiff:

    1.  Plaintiff, Kenneth F. Harris, was born in 1942, making him over the age of forty (40) at all times relevant to this action.

    2.  Harris began his employment with Defendant in or around November 1965 as a Helper and was later promoted to Electric Motor Repairman in the Motor Shop.

    3.  Harris's job performance was at least satisfactory, if not excellent. In fact, Harris was not disciplined once in his entire 48-year tenure with Defendant.

    4.  On or about January 29, 2013, Harris underwent shoulder surgery to repair a rotator cuff tear sustained on-the-job. Harris was off work on medical leave under the Family Medical Leave Act ("FMLA") until on or about April 29, 2013. However, upon his return to work, Harris was

      involuntarily moved to a training position and told his salary would be reduced.

5. On or about July 25, 2014, Harris was terminated and told his training position was allegedly eliminated. However, such reason was merely pretext for unlawful discrimination and retaliation based on Harris's medical conditions, use of medical leave and his age.

6. Human Resources Director Marliss Rowell routinely asked Harris how long he intended to work. On several occasions, Rowell asked Harris how much longer he intended to work and stated that he ought to be ready to retire.

7. In addition to his shoulder injury, Harris suffers from high blood pressure. Due to his medical conditions, Harris is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA), the ADA Amendments Act ("ADAAA").

8. Upon information and belief, Harris was replaced in his repairman position by a significantly younger individual.

9. In the latter years of Harris's employment, Defendant consistently hired significantly younger workers. And, upon information and belief, no other position was eliminated at the time Harris was terminated.

10. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages.

B. <u>Defendant</u>:

1. Plaintiff's Complaint fails to state any claim upon which relief can be granted. Southwest Electric did not engage, or knowingly permit conduct, in violation of Plaintiff's rights and denies that any such conduct occurred.

2. Plaintiff has failed to timely exhaust his administrative remedies as to Plaintiff's claim that he was put in a new position with a reduced salary, as alleged in Paragraph 10 of Plaintiff's Complaint. Accordingly, this Court may not have jurisdiction over certain of Plaintiff's claims due to Plaintiff's failure to exhaust certain administrative remedies and timely comply with certain required conditions precedent to filing a civil action.

3. Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

4. Southwest Electric would state that some or all of Plaintiff's claims are barred by waiver, estoppel, or voluntary actions on the part of Plaintiff, which would include but is not limited to Plaintiff's voluntary acceptance of a new position.

5. The Court lacks jurisdiction over Plaintiff's Oklahoma state law

workers' compensation retaliation claim as set out in Oklahoma Statute title 85A section 7(B) which provides that the Oklahoma Workers' Compensation Commission shall have exclusive jurisdiction to hear such claims.

6. Plaintiff was employed at-will.

7. Southwest Electric had lawful legitimate, nondiscriminatory, nonretaliatory reasons for any actions it took relative to Plaintiff.

8. Any of Plaintiff's alleged medical conditions were both transitory and minor; therefore, Plaintiff cannot demonstrate that he was regarded as being disabled.

9. Plaintiff cannot show that "but-for" the alleged unlawful intent, Plaintiff would not have been terminated or placed in a new position. Alternatively, the challenged employment decisions would have been made in any event for lawful, nondiscriminatory, nonretaliatory reasons.

10. Southwest Electric acted in good faith and with a good faith belief based upon reasonable grounds that its actions relative to Plaintiff were lawful.

11. Southwest Electric's actions are insufficient to warrant any award of punitive or liquidated damages.

12. Southwest Electric is not liable for punitive damages because any employee who allegedly discriminated or retaliated against Plaintiff was not a managerial agent of Southwest Electric or was not acting within the scope of his or her employment. Even if an employee who allegedly discriminated or retaliated against Plaintiff was a managerial agent and was acting within the scope of his or her employment, which Southwest Electric denies, the alleged discrimination or retaliation was contrary to Southwest Electric's good faith efforts to comply with the law.

13. Plaintiff has not suffered any monetary damage or other loss as a result of actions by Southwest Electric or any of their employees, agents or representatives. Alternatively, without admitting that Plaintiff has suffered any damage or loss for which Southwest Electric should be legally responsible, Plaintiff is not entitled to any monetary damages to the extent that he has failed to reasonably mitigate such damages. At a minimum, any damages must be offset and reduced by any and all amounts (including any insurance payments or other amounts received from individuals or companies) which Plaintiff earned or could have earned with due diligence.

**5. APPLICABILITY OF FED.R.CIV.P. 5.1 AND COMPLIANCE.**

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed.R.Civ.P. 5.1?

      Yes      __X__ No

**6.**    **MOTIONS PENDING AND/OR ANTICIPATED.**

    A.    <u>Plaintiff</u>:    None at Present

    B.    <u>Defendant</u>:   Southwest Electric anticipates filing a motion for summary judgment, motions in limine, and a joint motion for protective order.

**7.**    <u>**COMPLIANCE WITH RULE 26(a)(1).**</u>

Have the initial disclosures required by Fed.R.Civ.P. 26(a)(1) been made? If not, when will initial disclosures be made?

Yes _____    No __X__

The Parties will exchange initial disclosures on or before the date of the status and scheduling conference.

**8.**    <u>**PLAN FOR DISCOVERY.**</u>

    A.    The discovery planning conference (Fed.R.Civ.P. 26(f)) was held <u>on May 1, 2015</u>.

    B.    The parties anticipate that discovery should be completed within <u>6 months</u>.

    C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>90 days.</u>

    D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, as required by Fed.R.Civ.P. 26(f)(3)?

        Yes __X__    No____

    E.    Have the parties discussed issues relating to claims of privilege or of protection of trial-preparation material, as required by Fed.R.Civ.P. 26(f)(4)?

        Yes __X__    No____

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P.26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same. <u>Not applicable</u>

    F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any limitations on discovery, protective orders needed, or other elements (Fed.R.Civ.P. 26(f)) which should be

        included in a particularized discovery plan.  The parties have discussed the potential need for a protective order.

9. **ESTIMATED TRIAL TIME:**   2-3 days

10. **BIFURCATION REQUESTED:** ☐ Yes  X  No

11. **POSSIBILITY OF SETTLEMENT:**   ☐ Good   X  Fair     ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES:**

    1. Compliance with LCvR 16.1(a)(1) - ADR discussion: Yes  X   No  ___

    2. The parties request that this case be referred to the following ADR process:

       X  Mediation
       ___ Judicial Settlement Conference
       ___ Other: _____
       X  None - the parties do not request ADR at this time.

13. **PARTIES CONSENT TO TRIAL BY MAGISTRATE JUDGE.**

    Yes ___ No  X

14. **TYPE OF SCHEDULING ORDER REQUESTED:**

    Standard  X    Specialized _____

Submitted this 27th day of May 2015.

                              s/*Lauren W. Johnston*
                              Jana B. Leonard, OBA # 17844
                              Lauren W. Johnston, OBA # 22341
                              LEONARD & ASSOCIATES, P.L.L.C.
                              8265 S. Walker
                              Oklahoma City, OK 73139
                              Tele: (405) 239-3800 Fax: (405) 239-3801
                              leonardjb@leonardlaw.net
                              johnstonlw@leonardlaw.net
                              *Counsel for Plaintiff*

                              *s/Joshua W. Solberg (Signed with permission)*
                              Joshua W. Solberg, OBA No. 22308
                              McAfee & Taft, A Professional Corporation
                              10th Floor, Two Leadership Square
                              211 N. Robinson
                              Oklahoma City, Oklahoma 73102
                              Phone:        (405) 235-9621
                              Fax:   (405) 235-0439
                              E-mail:       josh.solberg@mcafeetaft.com
                              *ATTORNEY FOR DEFENDANT*