### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH F. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0211-HE |
| | ) | |
| SOUTHWEST ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

The parties have submitted their joint status report and joint discovery plan [Doc. #11]. In light of the information and agreements in the report, the court concludes a status conference is unnecessary at this time. The status conference previously set for June 4, 2015, is **STRICKEN**. A scheduling order will be entered separately. The parties should note in particular paragraph 18 of the scheduling order, which reflects a change in the court's approach to judicial settlement conferences.

Initial disclosures, if not already made, shall be made not later than **June 4, 2015**.

In the event that a confidentiality order is sought as to information or documents produced in discovery, the parties should take into account the attached guidelines.

**IT IS SO ORDERED**.

Dated this 3rd day of June, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

## **ATTACHMENT**

## **Guidelines for Confidentiality Orders in Judge Heaton's Cases**

Parties contemplating a request for entry of a protective order directed to the confidentiality of documents produced in discovery should be mindful of the concerns noted in Coker v. Hartford Life Group Ins. Co., Case No. CIV-06-0911-HE (W.D. Okla. Feb. 21, 2007) (Doc. #22 - order denying joint motion for protective order).

In particular, requested orders:

1.  Should define the information to be kept confidential as narrowly as reasonably practical in the circumstances of the case. Categories of information to be treated as confidential should be specifically stated, not described with phrases such as "including but not limited to" or "anything designated by a party in good faith."

2.  Should minimize the nature and amount of information filed under seal. Where confidential information is mentioned in or attached to a pleading or brief, the confidential information should ordinarily be redacted from the filed pleading or brief and an unredacted copy of it filed under seal. See generally, *ECF Policies and Procedures Manual*, §II-H.

3.  Should not provide for the filing of documents with the judge's chambers rather than the court clerk.

4.  Should not attempt to control the use of confidential documents at court hearings or trial of the case. Decisions in that regard will be made by the court at the time.